Mark G. Worischeck/Bar No. 011147
Shanks Leonhardt /Bar No. 025595
**SANDERS & PARKS, P.C.**
3030 North Third Street, Suite 1300
Phoenix, AZ  85012-3099
Direct Phone: (602) 532-5795
Direct Fax: (602) 230-5054
mark.worischeck@sandersparks.com
shanks.leonhardt@sandersparks.com

Attorneys for Plaintiff Associated Industries Insurance Company, Inc.

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Associated Industries Insurance Company, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Artemis Shamamian, individually and as Trustee of the Adrina Shamamian Living Trust, The Adrina Shamamian Living Trust, Robert A. Pasionek and Cheryl A. Pasionek, husband and wife; Paul A. Krulisky and Carol Krulisky, husband and wife; Pasionek & Krulisky, an Arizona general partnership, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT** |

Plaintiff Associated Industries Insurance Company, Inc ("Associated" or "Plaintiff") for its Complaint against Artemis Shamamian, individually and as Trustee of the Adrina Shamamian Living Trust ("Shamamian"), The Adrina Shamamian Living Trust ("Shamamian Trust"), Robert A. Pasionek ("Pasionek") and Cheryl A. Pasionek (collectively "Paisonek Defendants"), husband and wife; Paul A. Krulisky ("Krulisky") and Carol Krulisky ("Krulisky Defendants"), husband and wife, Pasionek & Krulisky

("P&K"), an Arizona general partnership (collectively all referred to herein as "Defendants") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for declaratory relief through which Associated seeks a declaratory judgment under 28 U.S.C. § 2201, *et seq.* that the professional liability insurance policy Associated issued to Davis Miles McGuire Gardner, PLLC[1] ("Davis Miles") provides no coverage for claims and damages sought against Pasionek Defendants, Krulisky Defendants, and/or P&K in an action currently pending in the Superior Court of Arizona for Maricopa County styled *Artemis Shamamian, et al. v. Robert A. Pasionek, et al.*, Maricopa County Superior Court, Case No. CV2021-052853 ("the Underlying Action").

2. Through this action, Associated seeks a determination from this Court that Associated owes no duty to defend or indemnify Pasionek Defendants, Krulisky Defendants, or P&K in the Underlying Action, and a determination that Associated has no obligation pay any settlement or satisfy any judgment whatsoever to Shamamian and Shamamian Trust or any other person or entity who may assert claims against Pasionek Defendants, Krulisky Defendants, or P&K for injuries or damages stemming from the Underlying Action.

## PARTIES, JURISDICTION AND VENUE

3. Plaintiff Associated is a Florida corporation with its principal place of business in New York.

4. Defendant Shamamian is an individual domiciled in Maricopa County, Arizona at all relevant times. Shamamian has been a Trustee of Defendant Shamamian

---

[1] In this Action, Associated is not seeking a declaration regarding its rights and coverage obligations with respect to Shamamian and the Shamamian Trust's claims against Davis Miles and other defendants in the Underlying Action. Associated hereby preserves and does not waive its coverage defenses under the Policy as set forth in Associated's reservation of rights letter dated September 19, 2021.

Trust at all relevant times. Shamamian and the Shamamian Trust are further subject to personal jurisdiction in Arizona because they have instituted a civil lawsuit (i.e., the Underlying Action) in Maricopa County, Arizona from which Associated's claims arise.

5. Paisonek Defendants are husband and wife and at all relevant times were domiciled in Maricopa County, Arizona. At all relevant times, Pasionek's actions were on behalf of or for the benefit of the marital community of Paisonek Defendants.

6. Krulisky Defendants are husband and wife and at all relevant times were domiciled in Maricopa County, Arizona. At all relevant times, Krulisky's actions were on behalf of or for the benefit of the marital community of Paisonek Defendants.

7. P&K is an Arizona general partnership that Shamamian and the Shamamian Trust allege existed between Pasionek and Krulisky during the relevant periods.

8. The amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs. Specifically, Shamamian and the Shamamian Trust have asserted claims for damages in the Underlying Action in excess of $422,336.

9. This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332 because Associated and Defendants are citizens of different states and the amount in controversy exceeds $75,000.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1) and (2) because all Defendants reside in this District and/or the events giving rise to this action occurred in this District.

11. An actual case or controversy has arisen between the parties because Shamamian and the Shamamian Trust have filed claims in the Underlying Action for damages and other relief against Pasionek Defendants, Krulisky Defendants, and P&K and Associated seeks a determination that it owes no duty to defend or indemnity Pasionek Defendants, Krulisky Defendants or P&K under the professional liability policy that Associated issued to Davis Miles.

12. Associated seeks a judicial determination that it has: (a) no defense or indemnity obligation to Pasionek Defendants, Krulisky Defendants, or P&K in the Underlying Action under the professional liability insurance policy Associated issued to Davis Miles; (b) no obligation to pay any settlement on behalf of Pasionek Defendants, Krulisky Defendants, or P&K; and (c) no obligation to satisfy any judgment entered against Pasionek Defendants, Krulisky Defendants, or P&K in the Underlying Action. A justiciable case or controversy has arisen, and the issues presented in this Complaint are appropriate for resolution by this Court.

**GENERAL ALLEGATIONS**

13. Plaintiff Associated incorporates by reference the allegations contained in the preceding paragraphs.

**I.     The Underlying Action**

14. Shamamian and the Shamamian Trust allege in the Underlying Action that Pasionek worked at Davis Miles and was hired by Plaintiffs in March of 2015 in relation to properties owned by Shamamian and/or the Shamamian Trust, including a financial dispute involving Chase Bank and disputes regarding unlawful conveyance of property owned by Shamamian or the Shamamian Trust.

15. At the time Shamamian and the Shamamian Trust hired Pasionek in March of 2015, Pasionek and Krulisky were both contracted with Davis Miles as "of counsel" attorneys pursuant to a written contract titled a "Transitional Of Counsel Agreement" dated on or about August 15, 2014.

16. Pasionek and Krulisky entered The Transitional of Counsel Agreement on behalf of an entity yet to be formed by them at the time of execution.

17. When Shamamian and the Shamamian Trust retained Pasionek in March of 2015, Pasionek was not licensed to practice in Arizona—only in Michigan.

18. Shamamian and the Shamamian Trust signed Pasionek's engagement letter in March of 2015, which stated that Plaintiffs' retainer payment would be deposited into the Davis Miles Trust Account.

19. However, the bank account listed in Pasionek's engagement letter did not list a Davis Miles Trust Account. Instead, the engagement letter listed Pasionek's separate corporate account unaffiliated with Davis Miles. Pasionek confirmed this fact in his deposition in the Underlying Action:

> Q. Okay. Yes. That is the engagement letter. And it says in the next paragraph down: We request you pay an advance deposit of $5,000 against fees and costs for the above project. The amount will be deposited into our trust account and applied against your bill. Do you see that?
>
> A. Yes.
>
> Q. Was any money ever deposited into the Davis Miles trust account?
>
> A. No.
>
> Q. BY MR. STEPHAN: Okay. So was the $5,000 that Ms. Shamamian initially gave you as a retainer deposited into your own account?
>
> A. The account that was identified on that sheet.
>
> Q. For one of your companies?
>
> A. Yes.

20. Thus, when Shamamian and the Shamamian Trust made payment of the initial retainer to Pasionek, it went to Pasionek's separate corporate account—not a Davis Miles account.

21. Shamamian and the Shamamian Trust made all subsequent payments to Pasionek for his work on matters for Shamamian and the Shamamian Trust to Pasionek's separate corporate account. Pasionek confirmed this in his deposition testimony in the Underlying Action:

|   |   |   |
|---|---|---|
| Q. | | BY MR. STEPHAN: Okay. And do you remember ever getting any -- any payments from Artemis? |
| A. | | Yes, I do remember receiving payments. |
| Q. | | And how were those payment made to you? |
| A. | | Wire transfers. |
| Q. | | They were wire transferred directly into your account, correct? |
| A. | | Correct. |
| Q. | | All right. And what bank is that account at --or what -- yeah. What bank is that account at? |
| A. | | That's at Wells Fargo. |
| Q. | | Out in, where, Mesa? |
| A. | | Mesa. |
| Q. | | All right. And whose name is on that account? |
| A. | | I believe it's one of my corporations. |

22. Shamamian also confirmed in her deposition testimony that all payments she made for Pasionek's work at issue in the Underlying Action were paid to Pasionek's account:

> Q. And you did, in fact, wire a retainer to the account number at Wells Fargo that was provided to you by Mr. Pasionek, true?
> A. That's true.
> Q. And at any point in time did you ever wire money to a different bank account?
> A. No.

23. Shamamian and the Shamamian Trust made no payments to Davis Miles for Pasionek's work for Shamamian and the Shamamian Trust. Davis Miles' Rule 30(b)(6) corporate representative confirmed this in his deposition in the Underlying Action:

> THE WITNESS: I mean, anything is possible. It seems like that's what happened with Ms. Shamamian because there was a fee agreement on a Davis Miles letterhead that was executed by Ms. Shamamian that wasn't in Davis Miles' system that we had no record of and there was never run a conflicts check. And

> so we -- no one at Davis Miles was ever aware of Ms. Shamamian's representation. We were never paid a fee from Ms. Shamamian. We never billed Ms. Shamamian for any of the firm's services.
>
> * * *
>
> A.   I will also qualify that the firm never received any moneys at any time from Ms. Shamamian for any legal services at all.

24.  At no time did Pasionek remit or pay any portion of any fees received from Shamamian and the Shamamian Trust to Davis Miles.

25.  At no time did Krulisky remit or pay to Davis Miles any portion of any fees that Shamamian or the Shamamian Trust paid to Pasionek.

26.  Upon information and belief, Davis Miles was unaware that Shamamian and the Shamamian Trust retained Pasionek in March of 2015.

27.  Upon information and belief, Davis Miles was unaware that Pasionek had modified a Davis Miles' engagement letter to list his own separate corporate bank account for the purposes of receiving client trust funds or payments for client invoices.

28.  Under the Transitional Of Counsel Agreement, Davis Miles was not entitled to receive any portion of fees that Shamamian or the Shamamian Trust paid to Pasionek.

29.  In or about June of 2015, Davis Miles terminated the Transitional Of Counsel Agreement with Pasionek and Krulisky—ending their status as "of counsel" attorneys at Davis Miles.

30.  After Davis Miles terminated the Transitional Of Counsel Agreement with Pasionek and Krulisky, Shamamian and the Shamamian Trust continued to employ Pasionek for certain legal services for approximately the next six years.

31.  Upon information and belief, Davis Miles was unaware that Pasionek's representation of Plaintiffs continued after June of 2015.

32. At certain times during Pasionek's representation, he issued invoices to Shamamian and the Shamamian Trust using the name "Pasionek & Krulisky" or "Pasionek & Krulisky, P.C."

33. Shamamian and the Shamamian Trust allege they paid Pasionek or P&K a total of at least $422,336 in attorneys' fees through March of 2021.

34. In March of 2021, Shamamian and the Shamamian Trust claim they first learned that Pasionek was not licensed to practice law in Arizona.

35. Additionally, Shamamian and the Shamamian Trust allege in the Underlying Action that Pasionek, Krulisky, and/or P&K committed malpractice and fraud in Pasionek's representation of Shamamian and the Shamamian Trust in: (1) mispresenting the services he could perform; (2) failing to perform services he stated he performed; (3) failing to tell Shamamian and the Shamamian Trust he was not licensed in Arizona and could not institute litigation in Arizona; (4) billing attorneys' fees for work never performed; (5) refusing to provide Shamamian and the Shamamian Trust with documents requested regarding the representation; (6) lying about conversations he had with one or more federal agencies or companies; (7) misrepresenting the amount of damages that Shamamian and the Shamamian Trust could receive; (8) substituting himself as the alleged whistleblower with various federal agencies in place of Shamamian and the Shamamian Trust for the purposes of obtaining a financial benefit; (9) misrepresenting state and federal law; (10) mispresenting his history of filings with federal agencies; and (11) mispresenting that Shamamian and the Shamamian Trust payments would be deposited into the Davis Miles Trust Account.

## II. The Associated Policy

36. Associated issued Lawyers Professional Liability Insurance Policy, policy number AES1213077 00 issued to Davis Miles, with a policy period of August 18, 2021 to August 18, 2022 ("the Policy").

37. The **Named Insured** on the Policy is Davis Miles.

38. Section I.A of the Lawyer's Professional Liability Policy coverage form (AES PL 005 01 14) in the Policy states:

> The **Company**[2] shall pay **Damages** and **Claim Expenses,** in excess of the Self-Insured Retention identified in the Declarations, if applicable, and subject to the Policy's Limit of Liability, that the **Insured** shall become legally obligated to pay as a result of a **Claim** made against the **Insured** for a **Wrongful Act,** provided that (i) the **Claim** is first made against the **Insured** and reported to the Company, in writing, during the **Policy Period** or the Extended Reporting Period, if applicable; (ii) the **Insured** has no knowledge of such **Wrongful Act** prior to the Inception Date of this Policy; and (iii) such **Wrongful Act** took place on or after the **Retroactive Date** set forth in the Declarations Page of this Policy and prior to the end of the **Policy Period.**

39. Section I.C of the Lawyer's Professional Liability Policy coverage form in the Policy states:

> **Defense.** As part of and subject to the Policy's Limit of Liability, the **Company** shall have the right and duty to defend any **Claim** against the **Insured** to which this Policy applies, even if the allegations of the **Claim** are groundless, false, or fraudulent. However, the **Company's** duty to defend shall terminate upon exhaustion of the applicable Limit of Liability by the payment of **Damages** and/or **Claim Expenses.**

40. Section II.J.4 of the Lawyer's Professional Liability Policy coverage form in the Policy defines an **Insured**, in relevant part, as:

> [A]ny individual or professional corporation designated "counsel" or "of counsel" to the **Named Insured**, but solely while acting within the scope of their duties as such on behalf of the **Named Insured** for which a fee inures to the **Named Insured**[.]

41. Section II.J.7 of the Lawyer's Professional Liability Policy coverage form in the Policy defines an **Insured**, in relevant part, as:

> [T]he lawful spouse or lawful domestic partner of any **Insured,** if named as a co-defendant with such **Insured** solely by reason

---

[2] **Bold terms** are defined in the Policy.

- 9 -

of such spouse's status as a spouse or such domestic partner's status as a domestic partner, or such spouse's or domestic partner's ownership interest in property that is sought by a claimant as recovery for an alleged **Wrongful Act** of such **Insured,** but any such coverage shall apply only with respect to a **Wrongful Act** of such **Insured**[.]

42. P&K is not an **Insured** under the Policy as P&K was never designated as "counsel" or "of counsel" to Davis Miles.

43. Pasionek and Krulisky are not **Insureds** under the Policy for the Underlying Action because Pasionek's work for Shamamian and the Shamamian Trust did not result in a "fee" that "inure[d]" to Davis Miles.

44. The Policy provides no coverage to Jane Doe Pasionek and Jane Doe Krulisky because they are not spouses of any **Insured** under the Policy.

45. Section II.G of the Lawyer's Professional Liability Policy coverage form in the Policy states that **Damages** "shall not include," in relevant part:

> [T]he return, reduction or restitution of fees, expenses or costs for **Professional Services** performed or to be performed by the **Insured,** or disgorgement by any **Insured**[.]

46. To the extent there is a judgment in the Underlying Action in favor of Shamamian and the Shamamian Trust awarding judgment against Pasionek Defendants, Krulisky Defendants, or P&K for the return of some or all the $422,336 in attorneys' fees Shamamian and the Shamamian Trust allegedly paid Pasionek or P&K, Section II.G of the Lawyer's Professional Liability Policy may also limit or relieve any duty to indemnify Pasionek Defendants, Krulisky Defendants, or P&K in the Underlying Action.

47. Section III.A of the Lawyer's Professional Liability Policy coverage form in the Policy states that the Policy "shall not apply to any **Damages** or **Claims Expenses** incurred with respect to any **Claim**:

> based upon or arising out of any actual or alleged dishonest, criminal, intentional, malicious or fraudulent act, error or omission or any willful violation of any statute or regulation by an **Insured,** if a final adjudication adverse to such **Insured**

establishes such a dishonest, criminal, intentional, malicious or fraudulent act, error or omission or willful violation.

48. To the extent there is a final adjudication in the Underlying Action, Section III.A of the Lawyer's Professional Liability Policy coverage form in the Policy may also limit or relieve any duty to indemnify Pasionek Defendants, Krulisky Defendants, or P&K in the Underlying Action.

49. Section III.F of the Lawyer's Professional Liability Policy coverage form in the Policy also states that the Policy "shall not apply to any **Damages** or **Claims Expenses** incurred with respect to any **Claim**:

> based upon or arising out of any gaining by the **Insured** of any profit, remuneration or advantage to which such **Insured** was not legally entitled, including the disgorgement of any such profit, remuneration or financial advantage by the **Insured,** if a final adjudication adverse to such **Insured** establishes such conduct.

50. To the extent there is a final adjudication in the Underlying Action, Section III.F of the Lawyer's Professional Liability Policy coverage form in the Policy may also limit or relieve any duty to indemnify Pasionek Defendants, Krulisky Defendants, or P&K in the Underlying Action.

51. There may also be no duty to defend or indemnify Pasionek Defendants, Krulisky Defendants, or P&K for the Underlying Action based on other terms, conditions, definitions, and/or exclusions in the Policy.

**III.    The Present Dispute**

52. On September 19, 2021, Associated issued a reservation of rights letter to Pasionek and Krulisky in the Underlying Action, including reserving the right to deny coverage or seek a declaration of no coverage based on Pasionek and Krulisky not qualifying as **Insureds** under the Policy.

53. Associated's September 19, 2021 letter also denied coverage to P&K because P&K did not qualify as an **Insured** under the Policy.

54. On March 6, 2023, Associated issued a supplemental reservation of rights letter regarding Pasionek and Krulisky not qualifying as **Insureds** under the Policy based on the deposition testimony given in the Underlying Action confirming that Davis Miles received no fee or benefit from Pasionek's work for Shamamian and the Shamamian Trust during Pasionek's work as an "of counsel" attorney for Davis Miles. Associated again reserved the right seek a declaration of no coverage based on Pasionek and Krulisky not qualifying as **Insureds** under the Policy.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment of No Coverage**
**Under the Policy)**

55. Associated incorporates by reference the allegations contained in the preceding paragraphs.

56. Associated has no duty to defend or indemnify Pasionek Defendants, Krulisky Defendants, or P&K in connection with the Underlying Action under the Policy because, among other things, Pasionek Defendants, Krulisky Defendants, or P&K are not **Insureds** under the Policy.

57. Associated has no duty to indemnify Pasionek Defendants, Krulisky Defendants, or P&K, or pay any settlement or judgment in favor of Shamamian or the Shamamian Trust and against Pasionek Defendants, Krulisky Defendants, or P&K in connection with the Underlying Action under the Policy because, among other things, Pasionek Defendants, Krulisky Defendants, or P&K are not **Insureds** under the Policy.

58. Upon information and belief, Shamamian, the Shamamian Trust, Pasionek Defendants, Krulisky Defendants, and/or P&K contend that the Policy requires Associated to continue defending the Action and to indemnify Pasionek Defendants, Krulisky Defendants, and/or P&K in the Underlying Action.

59. An actual and justiciable conflict exists between Associated and Shamamian, the Shamamian Trust, Pasionek Defendants, Krulisky Defendants, and P&K with respect

to Pasionek Defendants, Krulisky Defendants, and P&K's rights and Associated's obligations under the Policy with respect to the Underlying Action.

60. As such, Associated seeks a declaratory judgment from this Court that Associated has no duty to defend or indemnify, or pay any settlement or judgment against Pasionek Defendants, Krulisky Defendants, or P&K in the Underlying Action under the Policy.

61. To the extent Shamamian, the Shamamian Trust, Pasionek Defendants, Krulisky Defendants, or P&K contest this declaratory action, Associated is entitled to an award of its attorneys' fees pursuant to A.R.S. § 12-341.01 because this matter arises out of a contract.

WHEREFORE, Associated respectfully requests the following affirmative relief and declaration that:

A. The Policy does not provide coverage to Pasionek Defendants, Krulisky Defendants, and P&K for the Underlying Action;

B. Associated is not obligated to pay any settlement or judgment in favor of Shamamian or the Shamamian Trust and against Pasionek Defendants, Krulisky Defendants, or P&K in the Underlying Action;

C. Associated is entitled to its attorneys' fees, costs and recoverable interest in this action; and

D. Associated is entitled to such other and further relief as a matter of law or equity, as the Court deems just, necessary and proper.

**RESPECTFULLY SUBMITTED** this 8th day of May, 2023.

**SANDERS & PARKS, P.C.**

By */s/ Shanks Leonhardt*
Mark G. Worischeck
Shanks Leonhardt
3030 North Third Street, Suite 1300
Phoenix, AZ  85012-3099
Attorneys for Plaintiff Associated
Industries Insurance Company, Inc